CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 10 2009

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KELVIN A. CANADA,<br>    Plaintiff, | Civil Action No. 7:08cv00219 |
| v. | **MEMORANDUM OPINION** |
| TRACEY RAY, et al.,<br>    Defendants. | By: Michael F. Urbanski<br>United States Magistrate Judge |

Plaintiff Kelvin A. Canada, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested in this court under 28 U.S.C. §§ 1341, 1343. Canada claims that a variety of individuals, in their individual capacities and some in their official capacities, violated Canada's constitutional rights. His claims are diverse and unrelated, including claims that both the use of ambulatory restraints and the denial of dandruff shampoo amount to cruel and unusual punishment in contravention of the Eighth Amendment. Canada additionally makes claims for alleged violations of the First and Fourth Amendments and various Department of Prisons policies.

This matter has been referred to the undersigned for consideration of Canada's compliance with the Prison Litigation Reform Act ("PLRA") and the Federal Rules of Civil Procedure. Because plaintiff's complaint raises unrelated grounds against unrelated defendants, plaintiff is **ORDERED** to re-file an amended complaint in compliance with the Federal Rules of Civil Procedure. Such amended complaint may join multiple defendants only if (1) the right to relief asserted against them arises out of the same transaction or occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants exists. Should Canada fail to timely file an amended complaint, or file an amended complaint that seeks

to join disparate claims in violation of Rule 20, the undersigned will recommend dismissal of this case. Additionally, plaintiff has filed a second motion to amend the complaint. Because the court now directs plaintiff to amend his complaint or risk dismissal, the second motion to amend is **MOOT** and shall be stricken from the court's active docket.

I.

On March 6, 2008, the Clerk's Office of the United States District Court for the Western District of Virginia received a complaint making a variety of unrelated claims. The complaint names seventeen individuals including the warden of Red Onion State Prison, Tracey Ray, as well as various doctors, dentists and security personnel. In the complaint, Canada claims that the Eighth Amendment prohibition against cruel and unusual punishment was violated on multiple occasions, when Canada was allegedly restrained using ambulatory restraints, required to kneel in a contaminated shower, given inadequate dental care, refused treatment for toenail fungus, served food in a contaminated environment, required to stay in long-term segregation, denied showers, restricted water for washing and toilet flushing, given contaminated laundry, denied dandruff shampoo and prohibited from receiving nude or semi-nude photos from a wife/girlfriend/female acquaintance. Canada additionally claims that the Eighth Amendment's prohibition against excessive fines was violated when he was fined twenty-two dollars. The complaint attempts to raise claims under the First Amendment, alleging that rights were violated when two of Canada's publications were allegedly confiscated, when Canada was allegedly served food from cups that were not specifically designated for those on a religious diet and when he was allegedly served food that was not for a religious diet. Canada further claims that

2

prison officials conspired to deny him the normal prison grievance process for said food problems. Canada additionally claims that his Fourth Amendment rights were violated when, on separate occasions, four magazines were confiscated and three magazines were lost. Further, Canada claims that the Department of Prison policy was violated when he was charged five dollars for a co-pay for an emergency EKG. Finally, in addition to the fifty-two page complaint setting forth these claims, Canada has filed some twenty pages requesting relief in the form of injunctions, compensatory damages and punitive damages.

On June 2, 2008, the court received a motion to amend the complaint as well as a "preliminary statement" that appears to make additional claims related to plaintiff's alleged refusal to take a tuberculosis test and alleged denial of library material. The motion to amend sought leave to add additional claims against Gene M. Johnson and Warden Tracey Ray. The court granted plaintiff's motion to amend the complaint. In response to the court's request for documentation, plaintiff also submitted several hundred pages of supporting documents on October 14, 2008.

Canada filed a second motion to amend the complaint on March 6, 2009. This pending motion seeks to correct the wording on certain pages of the complaint and to substitute some parties, though not decreasing the number of parties. Canada also sought to add a claim for an alleged First Amendment violation for the disapproval of one of Canada's magazines in December of 2008, a time after the filing of the original complaint.

3

## II.

Canada's claims are not properly brought in one matter. Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties. Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure only allows the joinder of several parties if the claims arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. See 6A Wright, Miller and Kane, Federal Practice and Procedure § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed). Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." Green v. Denning, No. 06-3298, 2009 WL 484457 *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to pro se prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id., quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Canada's complaint raises a variety of unrelated claims against the defendants. No single claim is against all defendants. Rather, the claims arise from separate events allegedly involving separate individuals. As such, this complaint comprises multiple law suits, rather than one suit. Indeed, the amendments to the complaint essentially turn this matter into a running list of Canada's grievances.

4

As stated, such matters are not permissible under the Federal Rules of Civil Procedure. This is not mere observance of a technicality; rather this conclusion serves the policy ends of the PLRA and ensures court attention to meritorious claims. Prisoner litigation continues to "account for an outsized share of filings" in federal courts. Woodford v. Ngo, 548 U.S. 81, 94, n.4 (2006). As the Supreme Court noted in Jones v. Bock, 549 U.S. 199, 203 (2007), "[m]ost of these cases have no merit; many are frivolous. Our legal system remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." See Neitzke v. Williams, 490 U.S. 319, 327 (1989). Chief Justice Roberts noted in Jones,

> Congress addressed that challenge in the PLRA. What this country needs, Congress decided, is fewer and better prisoner suits. See Porter v. Nussle, 534 U.S. 516, 524 (2002) (PLRA enacted to "reduce the quantity and improve the quality of prisoner suits"). To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good.

549 U.S. at 203-04.

Specifically, the PLRA requires that prisoners pay filing fees. 28 U.S.C. § 1915(b)(1). This requirement provides an economic incentive for prisoners to put aside frivolous suits, and to limit their filings to legitimate concerns. To allow Canada to essentially package many lawsuits into one complaint exempts him from such a cost, benefit analysis and thus undercuts the PLRA. Accordingly, this complaint may not proceed as it is presently constituted as it improperly joins together multiple claims and multiple defendants. As noted below, although the case as presently filed will not be allowed to proceed, Canada will be given an opportunity to file an amended complaint. Canada may additionally file separate law suits raising his additional claims.

5

The amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint, attachments, or amendments already filed. The complaint must comply with the joinder rules; the claim(s) set forth in the amended document must arise out of the same transaction, occurrence, or series of transactions or occurrences, and they must contain a question of law or fact common to all defendants. This procedure mirrors the approach taken by this court in Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, *4 (W.D. Va. May 12, 2009) and the approaches used in a number of other jurisdictions. See, Pruden v. Superintendent, No. 3:07cv0604, 2008 WL 2229481 (M.D. Pa. May 28, 2008); Muehl v. Thurmer, No. 09cv16, 2009 WL 249978 (W.D. Wis. Feb. 2, 2009); Banks v. Adler, No. 09cv009, 2009 WL 330146 (W.D. Wis. Feb. 9, 2009).

### III.

Canada may, if he so chooses, pursue one lawsuit, properly filed and pled. To pursue any legal claim, however, Canada MUST file a new amended complaint complying with Rules 18 and 20 of the Federal Rules of Civil Procedure. Canada's filings to date will not be considered by the court and should not be referenced by Canada in any amended complaint.

This opinion does not address Canada's claims on the merits, and it does not mean that he loses his right to litigate any of the claims he has plead to date solely by virtue of this determination. Rather, the undersigned will recommend that those claims not re-raised in the amended complaint be dismissed without prejudice. Canada may then file completely separate

6

lawsuits naming such defendants and claims.[1] He simply may not litigate all of his unrelated claims against all these defendants in this single suit. Each new lawsuit will obligate Canada to pay the $350.00 district court filing fee. Additionally, both the amended complaint and any new separately filed, complaints will be subject to judicial screening under 28 U.S.C. § 1915A.

An order consistent with this memorandum opinion will be filed this day.

Enter: This 10th day of August, 2009.

Michael F. Urbanski
United States Magistrate Judge

---

[1] Canada should be aware of the applicable statute of limitations. Actions pursuant to 42 U.S.C. § 1983 are governed by state statute of limitations and tolling requirements. Houghton v. Com. of Va., 947 F.2d 941, 941 (4th Cir. 1991); Cramer v. Crutchfield, 648 F.2d 943, 945 (4th Cir. 1981). In Virginia, § 1983 suits must be filed within two years of the event causing the alleged constitutional violation. Houghton, 947 F.2d at 941. The original two year period for some of these claims may have expired during the pendency of this action. However, the Virginia tolling statute provides that:

> if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Va. Code Ann. § 8.01-229(E)(1). Thus, this dismissal does not cause Canada to have exceeded the statute of limitations for his claims.

7