CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 28 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| KELVIN A. CANADA, ) | |
| Plaintiff, ) | Civil Action No. 7:08cv00219 |
| ) | |
| v. ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| TRACY RAY, ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

This matter is before the court upon Canada's motion for a preliminary injunction (Docket No. 44). Canada requests that this court issue a order directing the defendant to stop "punishing" Canada by taking away good-time credits for refusing to the take a tuberculosis test which he claims violates his religious beliefs and to stop "arbitrarily and unjustifiably" denying him certain publications. The court finds no basis for granting preliminary injunctive relief and, therefore, denies Canada's motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374-376, 172 L. Ed. 2d 249 (2008).[1]

To justify an injunction before trial on the merits, it is incumbent upon the plaintiff to make

---

[1] The court notes that the Fourth Circuit's previously- established balance-of-hardships test set out in Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), is no longer applicable. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342 (4th Cir. 2009) ("Because of its differences with the Winter test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit . . . .")

a clear showing that he is likely to succeed at trial on the merits and that he is likely to suffer irreparable harm in the absence of the preliminary injunction. Id. at 374-76. The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting Va. Petroleum Jobbers Ass'n. V. Fed. Power Comm'n, 259 F.2d 921 (1958)). In this case, Canada has not demonstrated that he will suffer any actual and imminent irreparable harm if injunctive relief is denied.[2] Accordingly, it is hereby

## ORDERED

that Canada's motion for a preliminary injunction shall be and hereby is **DENIED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to plaintiff.

ENTER: This 28/M of May, 2010.

United States District Judge

---

[2] The court notes that, according to the Virginia Department of Corrections, Canada is serving a sentence of life plus 44 years, and 100 days, and, thus, the loss of 90 days good-time credits does not affect the length of his sentence. Furthermore, Canada is not currently eligible for discretionary parole until the laterpart of 2014 and, thus, the loss of good-time credits does not immediately affect his parole eligibility date.

2