CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 28 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KELVIN A. CANADA, | ) | Civil Action No. 7:08cv00219 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| TRACY RAY, | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Plaintiff, Kelvin A. Canada, an inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. This matter is currently before the court upon the Report and Recommendation of the United States Magistrate Judge and Canada's objections thereto. For the reasons stated herein, the court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation, dismisses some of Canada's claims, and proceeds forward with others.

In his initial complaint, Canada raised several diverse and unrelated claims against a variety of individuals. The court referred the matter to United States Magistrate Judge Michael F. Urbanski for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), for consideration of Canada's compliance with the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e), et seq., and the Federal Rules of Civil Procedure. The Magistrate Judge advised Canada that his claims were not properly brought in a single civil action and that his complaint did not comply with the Federal Rules of Civil Procedure. The Magistrate Judge ordered Canada to file an amended complaint which complied with the Rules and warned Canada that his earlier filings in this matter would "not be considered by the court and should not be referenced by Canada in any amended complaint."

As a consequence, Canada filed a motion to amend his complaint and the court granted his

request. Canada's amended complaint raises claims only against Warden Tracy Ray.[1] Canada alleges that Ray denied him access to the courts; subjected him to "excessive fines" related to disciplinary infractions; subjected him to "cruel and unusual punishment" by placing him in a long-term segregation unit; and violated his First Amendment rights by "subjecting and punishing plaintiff for refusing to be injected with a chemical that transgress[es] his religious laws" and by not allowing him to receive certain publications or nude and semi-nude photos of his "friends, girlfriends, or wives." After reviewing his amended complaint, the Magistrate Judge filed a report, finding that all of Canada's claims were frivolous except his claim regarding the impact of the prison's tuberculosis testing policy on his religion. Accordingly, the Magistrate Judge recommended that the court dismiss Canada's frivolous claims and serve his remaining claim upon the defendant. Canada filed objections within the ten days allotted under 28 U.S.C. § 636(b). In accordance with § 636(b)(1), the court now reviews the Report and Recommendation, the objections thereto, and pertinent portions of the record de novo.

## I. Access to the Courts

Canada alleges that Ray denied him access to courts "by denying him the liberty to order material from the law library." The Magistrate Judge found that Canada failed to allege a specific harm or injury as a result of being denied legal material. See Lewis v. Casey, 518 U.S. 343, 354 (1996); Strickler v. Waters, 989 F.2d 1375, 1383-84 (4th Cir. 1993). In support of his objections to the report, Canada argues that he had previously advised the court that he had a post-conviction petition dismissed as a result of Ray denying him access to the prison law library. When Canada

---

[1] In granting his motion to amend his complaint, the court also construed Canada's motion to amend as a motion to voluntarily dismiss the sixteen remaining defendants in this action, all claims previously raised against those defendants, and any other claims previously raised against defendant Ray and not raised in his amended complaint.

2

alleges that he previously apprised the court, he is referring to additional evidence that he filed prior to his amended complaint. As the court advised Canada on multiple occasions, in reviewing his amended complaint, the court would not considered any of his previous filings. Accordingly, the court agrees with the Magistrate Judge's findings and adopts his recommendation as to this claim. Moreover, to the extent he alleges in his objections that his lack of access to the prison law library resulted in his post conviction petition being dismissed, Canada's allegation is far to vague and conclusory and, thus, insufficient to demonstrate specific harm. See Strickler, 989 F.2d at 1383. Therefore, the court dismisses this claim.

## II. Excessive Fines

Canada claims that Ray violated the Eighth Amendment by subjecting Canada to excessive fines. Canada's amended complaint does not state the amount of the fines that he was "subjected" to, but states that he was fined as a result of a disciplinary charge. In his Report and Recommendation, the Magistrate Judge, relying on arguments Canada made in his original complaint and filings, states that Canada argues that he is on long-term segregation and cannot work in prison, and thus, cannot earn any income to pay his fines of $10 and $12. The Magistrate Judge found that fines of $10 and $12 were not excessive despite Canada's lack of ability to pay, and recommended that Canada's claim be dismissed as frivolous. In objecting to the Report and Recommendation, Canada argues that those fines of $10 and $12 are only representative of the many fines he has received in seven years, which he alleges exceeds $500. Canada argues that requiring indigent inmates to pay any fine is excessive. As the court advised Canada, in reviewing his amended complaint, the court will not attempt to unravel his earlier filings. In reviewing his allegations in his amended complaint regarding "excessive fines," the court finds that Canada's claim is far too vague

3

and conclusory to state a claim of constitutional magnitude.

Furthermore, even if the court were to consider Canada's earlier filings, Canada's claim nevertheless would fail. The Eighth Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Excessive Fines Clause limits the government's "power to extract payments, whether in cash or in kind, as punishment for some offense." United States v. Bajakajian, 524 U.S. 321, 328 (1998) (internal quotations omitted). By its plain language, the Excessive Fines Clause of the Eighth Amendment is violated only if the disputed fees are both "fines" and "excessive." See id. "A punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." Id. at 324. Assuming, without finding, that the $10 and $12 fines the prison imposed on Canada are "fines" as contemplated by the Excessive Fines Clause,[2] the court nevertheless finds that the fines were not excessive.

Canada received the $10 and $12 fines as a result of two separate disciplinary convictions: (1) refusing a direct order to uncover his night light which he had covered with paper and (2) intentionally flooding an area. The court finds that these fines are not "grossly disproportional to the gravity" of his offenses. Moreover, despite his claim of no income, for the six months proceeding his filing of this action, Canada made average monthly deposits of $22.87 to his inmate trust account. To the extent Canada claims that those two fines are merely representative of all the fines he has accrued during his time in prison, the court finds his claim is too vague and conclusory.

---

[2] The court notes that pursuant to VDOC Division Operating Procedure 861.7(M)(2), "[w]hen a fine is imposed, the fine will be deducted from the inmate's account and placed into the commissary fund."

Based on the foregoing, the court adopts the Magistrate Judge's Report and Recommendation to the extent that it recommends dismissal of Canada's claim.

### III. Long-Term Segregation

Canada alleges that Ray violated the Eighth Amendment "by subjecting [Canada] to 'warehouseing' by keeping [him in] long-term segregation." Although the Magistrate Judge cites allegations which are not included in Canada's amended complaint, the Magistrate Judge ultimately found that Canada did not allege that his prison conditions imposed an "atypical and significant hardship" and, thus, his claim was frivolous. In objecting to the Report and Recommendation, Canada argues that the Magistrate Judge's "contention is blatantly baseless and without merit" because "supermax prisons ha[ve] been systematically proven to cause all kinds of physical and psychological illness and incapacitation." Canada claims that "minor charges are being exaggerated to justify filling bed spaces at these supermax prisons" and that he has been "warehoused" at Red Onion State Prison for nine years. Further, Canada alleges that, as a result of being housed at Red Onion, he is unable to interact with his family and kids which has caused him "extreme emotional distress," he is ineligible to receive rehabilitative benefits, and he is subject to psychological and physical oppression and abuse.

The Eighth Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, prohibits "cruel and unusual punishment" of those convicted of crimes. Wilson v. Seiter, 501 U.S. 294 (1991) (citing Robinson v. California, 370 U.S. 660, 666 (1962)). In order to comply with the Eighth Amendment, prison punishment must comport with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). In Wilson, the Court identified two elements necessary to support an Eighth

Amendment claim challenging prison conditions: first, an objective element, i.e., whether the deprivation was sufficiently serious to constitute cruel and unusual punishment; and second, a subjective element, i.e., whether the officials acted with a sufficiently culpable state of mind. Wilson, 501 U.S. at 294. To meet the objective element, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler, 989 F.2d at 1380-81; Helling v. McKinney, 509 U.S. 25 (1993). To satisfy the subjective element, a plaintiff must show that the defendant officials acted with deliberate indifference toward the risk of harm. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Taylor v. Freeman, 34 F.3d 266, 271 (4th Cir. 1994). To prove deliberate indifference by an official, a plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed and that he actually drew that inference. Farmer, 511 U.S. at 837. Then, the plaintiff must show that the official disregarded the risk by failing to take "reasonable measures" to alleviate the risk. Id. at 832. While segregation conditions may be inconvenient and uncomfortable, Canada has not alleged anything to suggest that his living conditions violate contemporary standards of decency. Nor has Canada demonstrated that because of the conditions, he has sustained a serious or significant injury or is at risk of serious damage to his future health. Therefore, the court adopts the Magistrate Judge's Report and Recommendation to the extent that it recommends dismissal of this claim.[3]

---

[3] Further, to the extent Canada's allegations can be construed as a claim that his confinement in segregation constitutes a violation of his due process rights afforded under the Fourteenth Amendment, it also fails. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its

## IV. Tuberculosis Testing and Religious Rights

Canada alleges that Ray violated the First Amendment by "subjecting and punishing" Canada for refusing to be injected with a chemical that "transgress[es]" his religious beliefs. Although it is not clear from his amended complaint, based on his response to an order from the Magistrate Judge asking Canada for more information regarding this claim, it appears that the injection Canada is referring to is an annual tuberculosis screening test. In response to the Magistrate Judge's order, Canada conceded that he never actually submitted to the tuberculosis testing, but argues that he was convicted of a disciplinary infraction for failing to submit to testing which resulted in 90 days loss of good time credit each year that he refused the testing. In his Report and Recommendation, the Magistrate Judge recommended that this claim be served upon the defendant. This court agrees with the Magistrate Judge's recommendation and, therefore, adopts the report as to this claim.[4]

## V. First Amendment and Publications

Canada alleges that defendant Ray violated his First Amendment rights by denying him certain publications. Specifically, he alleges that he was denied the November 2007 issue of *XXL*

---

own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, the court finds that Canada's due process claim fails.

[4] However, to the extent that the Magistrate Judge analyzes Canada's claim under RLUIPA, the court rejects the Magistrate Judge's construction of this claim. Canada clearly states that he is pursuing his claim under the First Amendment of the United States Constitution and makes no reference to RLUIPA whatsoever in his amended complaint or subsequent filings. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

magazine; Volume 7, issue number 29 of *Don Diva* magazine;[5] the Fall 2006 issue of *Right On* magazine; Volume 5, issue number 1 of *The Red Heart Warrior* newsletter; and the *Levithan* newsletter. In response to the Magistrate Judge's order requesting more information, Canada alleged that these publications contain "nothing in them that imposes a threat to the Va. D.O.C. security." Rather, he claims that these publications consist of content regarding historical events and information and facts that do not "promote or perpetuate gang violence, racism, sexism, or any killing of prison guards, police or governmental officials."

In his Report and Recommendation, the Magistrate Judge found that Canada's publications claim is frivolous because "the procedures at issue are reasonably related to the prison's legitimate penological interest in protecting the order of the prison and are important for the safety and welfare of the prison staff and prisoners." In his objections to the report, Canada argues that Ray had no legitimate penological interest in denying the particular publications and that they pose no threat to the safety or security of the Virginia penal system. He further argues that the content of the publications is being "overly exaggerated to meet the criteria of an arbitrary policy that doesn't mandate prison authorities to specify the exact content that classifies the publication as being a threat to the safety and security of the Virginia penal system." The court finds that the record before it is insufficient to conclusively rule on this claim at this time. See e.g., Shakur v. Selsky, 391 F.3d 106, 114-15 (2d Cir. 2004). Therefore, the court rejects the Magistrate Judge's Report and Recommendation to the extent it recommends dismissal of this claim and this claim will go forward by separate order of the court.

---

[5] The court notes that the Magistrate Judge's Report and Recommendation does not address Canada's claim regarding this publication.

## VI. First Amendment and Photographs

Canada alleges that defendant Ray violated the First Amendment by denying Canada the ability to receive "nude or semi-nude photos of friends, girlfriends, or wives." In his Report and Recommendation, the Magistrate Judge found Canada's claim frivolous because the "prison has a legitimate interest in keeping order, which may be negatively impacted by prisoners' possession of naked pictures of wives or girlfriends." In objection to the report, Canada argues that Ray is not furthering a legitimate penological interest by denying Canada the personal photographs. He further argues that the photographs in question pose no threat to the safety or security of the Virginia penal system. The court finds that the record before it is insufficient to conclusively rule on this claim at this time. See e.g., Shakur, 391 F.3d at 114-15. Therefore, the court rejects the Magistrate Judge's Report and Recommendation to the extent it recommends dismissal of this claim and this claim will go forward by separate order of the court.

## VII.

For the reasons stated herein, the court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation. Canada's claims regarding access to courts, excessive fines, and living conditions in the segregation unit are dismissed. Therefore, only Canada's claims regarding the tuberculosis testing, publications, and nude photographs remain.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 28th day of May, 2010.

United States District Judge